UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN GRULLON,

                    Plaintiff,

          -v.-                                          25 Civ. 6468 (JHR)

10 EAST FORDHAM FASHION INC. et al.,                    ORDER

                    Defendants.

JENNIFER H. REARDEN, District Judge:

     The Court has been informed that the parties to this action, brought pursuant to the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, have reached a settlement in principle.

Under the FLSA, an employer who violates the requirement that overtime wages be paid "shall

be liable to the employee or employees affected in the amount of their unpaid

minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional

equal amount as liquidated damages." *See id.* § 216(b).  In the event of a settlement and

dismissal under Rule 41 of the Federal Rules of Civil Procedure, the settlement—including any

proposed attorney's fee award—must be scrutinized by the Court to ensure that it is fair.  *See*

*Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (holding that "stipulated

dismissals settling FLSA claims with prejudice require the approval of the district court or the

DOL to take effect"); *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 810 (2d Cir. 2022) (holding

that "the logic of *Cheeks* . . . applies equally to Rule 41(a)(1)(A)(i) dismissals without

prejudice"); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012)

(identifying factors a court may consider in evaluating the fairness and reasonableness of a

proposed FLSA settlement and the reasonableness of a proposed attorney's fee award).

Accordingly, it is hereby ORDERED that, on or before **December 16, 2025**, the parties shall submit their settlement agreement to the Court, along with a joint letter explaining the basis for the proposed settlement and why, if the parties contemplate dismissal under Rule 41, it should be approved as fair and reasonable. *See Wolinsky*, 900 F. Supp. 2d at 335-36. The letter should also address, if applicable, any incentive payments to Plaintiff and any attorney's fee award to Plaintiff's counsel (with documentation to support the latter, if appropriate).

The parties are reminded that, in lieu of seeking approval of the settlement under *Cheeks*, they may choose to proceed by way of a Rule 68(a) offer of judgment. Resolution of FLSA claims via a Rule 68(a) offer of judgment does not require judicial approval. *See Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 414 (2d Cir. 2019). The parties also have the option to consent to proceed for all purposes before the designated Magistrate Judge (the appropriate form for which is available at http://nysd.uscourts.gov/node/754), in which case the designated Magistrate Judge will decide whether to approve the settlement. If all parties consent to proceed before the designated Magistrate Judge, then they should file a fully executed version of the consent form on the docket by **December 9, 2025**.

The parties should be mindful that the Court will not approve any settlement agreement containing any of the following provisions:

- a confidentiality provision, unless the parties can show that there are reasons, specific to the case, sufficient to overcome the common law right of access to judicial documents. *See id.* at 337-41 (explaining the common law right of public access as it relates to settlement agreements in FLSA cases); *see also Sanz v. Johny Utah 51 LLC*, No. 14 Civ. 4380 (JMF), 2015 WL 1808935, at *2 (S.D.N.Y. Apr. 20, 2015);

- a release or waiver provision that releases or waives claims that have not accrued, or claims unrelated to wage-and-hour matters, unless the parties can show that there are reasons, specific to this case, justifying such a broad release. *See, e.g.*, *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015); or

- a clause that bars a plaintiff from making negative statements about a defendant unless it includes a carve-out for truthful statements about a plaintiff's experience in litigating his

2

case, or unless the parties can show that there are reasons, specific to this case, justifying a non-disparagement clause without such a carve-out.  *See, e.g.*, *Zapata v. Bedoya*, No. 14 Civ. 4114 (SIL), 2016 WL 4991594, at *2 (E.D.N.Y. Sept. 13, 2016).

In the event that the settlement agreement includes any of these provisions, the parties' joint letter should indicate whether the parties want the Court, in the alternative, to consider for approval the settlement agreement with the provision(s) stricken (in which case the Court would, absent good cause, docket both the parties' joint letter and the settlement agreement itself — notwithstanding any confidentiality provision).  *Cf. Fisher v. SD Protection Inc.*, 948 F.3d 593, 606 (2d Cir. 2020) (holding that a district court may approve or reject a settlement of FLSA claims but may not modify the agreement itself).

SO ORDERED.

Dated:  December 2, 2025
        New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

3